NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

MIKE PARDUR, PETITIONER, v. NEW JERSEY WORSTED MILLS, RESPONDENT.

Injury to Knee—Not Considered Serious—Temporary Disability at First Awarded—Conditions Indicating a Permanent Disability, Second Hearing Was Had—Claim of Fifty Per Cent. Permanent Disability Not Sustained—Case Dismissed.

On determination and finding of facts and rule for judgment.

\* \* \* \* \* \* \* \* \*

Having heard and considered the testimony adduced by the parties, I do hereby find and determine as follows:

1. That on or about February 8th, 1924, the petitioner was employed by the respondent as a comber, at its plant in Garfield, New Jersey, at a weekly wage of $23.05, and that at the time and place above mentioned, while engaged in the duties of his employment, the said petitioner slipped, striking his right knee against a machine; that he did not report the said accident to the said employer until February 11th, 1924, and continued to work at his employment until April 17th, 1924; that thereafter he was treated for his injury by the said respondent's physician and returned to work on June 18th, 1924, and continued to work at the said respondent's plant for some time thereafter; that on or about February 18th, 1925, an informal hearing was held before the Honorable William D. McMichael, at Paterson, New Jersey, at which both parties presented their testimony, whereupon it was adjudged that the said respondent had furnished to the said petitioner medical and surgical treatment as and when needed, and it was further adjudged that the said petitioner's injury had entailed a temporary disability extending from April 17th, 1924, to February 18th, 1925, excluding therefrom

such periods as the said petitioner had actually worked, leaving as the period of temporary disability thirty-seven and three-seventh weeks at $15.37 per week, and that the said injury had also entailed a permanent disability of ten per cent. of the usefulness of his leg, or seventeen and one-half weeks at $15.37 per week.

2. That pursuant to the said determination, the said respondent has paid to the said petitioner all of the compensation so awarded him as aforesaid on account of the temporary and the permanent disability entailed by the said injury.

3. That the present formal petition was filed before the period allotted for the payment of the temporary disability had expired, but the respondent agreed that this proceeding should be in the nature of a review of the award made upon said informal hearing.

4. That at the formal hearing heard before me as aforesaid, two physicians testified for the said petitioner, neither of whom had examined the said petitioner until the very morning of the said hearing, although it appeared that the said petitioner had been treated and examined by other physicians; one of the physicians so produced by the said petitioner testified that his opinion regarding the extent of the permanent disability entailed by the said injury was based solely upon subjective symptoms; that the petitioner was suffering from a chronic synovitis, and that if the said knee were aspirated the trouble would clear up. Both of the said physicians agreed that the said petitioner's leg was otherwise in perfect condition, but their opinion was that he had sustained a permanent disability of fifty per cent. of the said leg; the physician called by the said respondent had examined the said petitioner on many occasions since the date of his accident, had conferred with the physician who actually attended and operated upon him, and had examined the X-rays taken of the injured member; he testified that the petitioner now had a bursitis; that the said petitioner had theretofore been submitted to the very treatment suggested by one of the physicians who testified on his behalf; that

the said petitioner's condition had, if anything, improved since the date of the informal hearing above mentioned, and that the permanent disability in no event exceeded ten per cent. of the loss of the usefulness of the said right leg.

5. That from the petitioner's own testimony it appears that he drives an automobile, and that he can stand for a period of two hours on the injured leg before having to shift his weight.

6. That the disability, both temporary and permanent, entailed by the said accident does not exceed the periods allowed the said petitioner upon the informal hearing held as aforesaid, which award has been paid in full to the said petitioner by the said respondent.

It is thereupon, on this 6th day of July, 1925, ordered that the said formal petition be and the same is hereby dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*